IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JUSTIN J. MATHIS, | ) | |
|     Petitioner, | ) | Civil Action No. 7:15cv00383 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CHRISTOPHER ZYCH, | ) | By: Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Justin J. Mathis, an inmate at the United States Penitentiary in Lee County, Virginia, filed this *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Mathis alleges that his federal criminal sentence is unlawful under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). Upon review of the record, I conclude that Mathis's claim for relief under § 2241 must be summarily denied without prejudice. I will, however, construe the submission as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255, and transfer it to the sentencing court.

Mathis was convicted in the United States District Court for the District of South Carolina of one count of bank robbery, in violation of 18 U.S.C. § 2113(a), and sentenced to a total of 151 months incarceration. *United States v. Mathis*, No. 6:06cr643-1 (D.S.C. Nov. 6, 2006). The United States Court of Appeals affirmed his conviction. *United States v. Mathis*, 228 F. App'x 362 (4th Cir. 2007). Mathis now petitions this court under § 2241 for habeas relief under the *Johnson* decision, which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), violates the Constitution's guarantee of due process.

Mathis challenges the legality of his federal sentence and such claims must normally be raised on appeal or in a § 2255 motion in the sentencing court. *In re Jones*, 226 F.3d 328, 332

(4th Cir. 2000). Mathis's § 2241 petition is barred unless it meets the stringent standard mandated under the *Jones* decision. 226 F.3d at 333-34 (finding that challenge to federal conviction is barred from review under § 2241 absent a showing that under a post-conviction change in the law, petitioner's offense conduct is no longer criminal); *see also United States v. Surratt*, 797 F.3d 240 (4th Cir. 2015) (applying *In re Jones* to bar § 2241 sentencing relief under retroactive appellate court decision issued after petitioner's initial § 2255 motion, because petitioner's offense conduct remained criminal).

The current petition fails to state facts on which Mathis could satisfy the *Jones* standard. Because the *Johnson* decision had no effect on the criminality of Mathis's offense conduct -- bank robbery -- he cannot proceed with his claim under § 2241. Therefore, I will deny without prejudice Mathis's claim under § 2241, but I will construe Mathis's submission as a § 2255 motion, which I will transfer to the United States District Court for the District of South Carolina.

ENTER: This 25th day of January, 2016.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE